## William Metzger and Edward P. Baker v. Andrew McCann et al.

1. MECHANICS' LIENS—*Are Purely Statutory.*—The lien of a mechanic is purely statutory, and if a claimant fails to comply substantially with the provisions of the statute, he can not secure a lien.

2. SAME—*Claims for Lien Under the Law of 1893.*—Under section 28 of the mechanics' lien law of 1893, creditors can not enforce a lien as against other creditors, or incumbrancers or purchasers, unless a statement of a claim for a lien has been filed, as provided by the act.

3. SAME—*Statement Where a Single Lien is Claimed upon Distinct Lots of Land.*—As against third persons, whose rights have intervened, a mechanic's lien, claimed as a single lien upon distinct lots, can not be apportioned so as to preserve the lien upon each lot, where there is nothing in the statement filed with the clerk to indicate the amount claimed, or the times when the labor and material were furnished for each lot.

4. SAME—*An Insufficient Statement.*—The statement for a lien in this case is given in the statement of the case by the court, and is held insufficient.

Mechanic's Lien.—Appeal from the Superior Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded, with directions. Opinion filed October 10, 1900. Judgment vacated. Opinion refiled November 13, 1900.

Statement.—In November, 1892, appellees entered into a contract in writing, with James Button, the husband of Mary E. Button, who was then the owner of the premises in question, to furnish plumbing, gas fitting and sewer work in improvements to be made on lots one, two and six

in the same subdivision, for the sum of $1,497.50. Said subdivision contained six lots, fronting on Fiftieth street, adjoining each other and numbered consecutively. Lots three, four and five are between said lot two and said lot six. Upon lots one and two there was erected a six-flat building, there being three flats, one above the other, on each side of a common entrance and hall. Upon lots five and six there was the same kind of a building. It may be inferred that upon lots three and four there was also the same kind of a building, as there is testimony to the effect that the roof over all of said buildings is continuous, except for the fire walls, and that there is a continuous roof over the porches.

Said Button and wife gave a trust deed, dated September 1, 1892, and recorded in September, 1892, to secure a loan of $9,500, conveying thereby said lots one and two only. The bill of complaint in this case was filed to foreclose the lien of said trust deed upon said lots one and two.

Said Button and wife also gave another trust deed, dated September 1, 1892, and recorded in September, 1892, to secure a loan for the sum of $4,500, conveying thereby said lot six. The notes secured by said trust deeds were owned by different parties, and separate bills of foreclosure by different complainants were filed in the Superior Court.

October 16, 1893, appellee filed with the clerk of the Circuit Court a claim for a mechanic's lien, which is in the words and figures following, to wit:

"Daniel L. Sullivan, being first sworn, on oath says that he is the partner and duly authorized agent of the firm of McCann & Sullivan; and that the attached 'Exhibit A' is a just and true statement of the account due said McCann & Sullivan from James Button for labor done and materials furnished said James Button at the times in said statement mentioned and according to the contract therein set out in 'Exhibit A,' which various amounts are due and payable to McCann & Sullivan from and after the respective dates thereof; and affiant says that the labor and materials in said statement mentioned were used in the construction and improvement of a brick building situated upon the following described premises, in the county of Cook and State

of Illinois, to wit: Lots one (1), two (2) and six (6) of Mary E. Button's subdivision of the north half (N. ½), west half (W. ½) lot three (3) in Lavinia & Co. subdivision of northeast quarter, section 10, township 38 north, range 14.

And affiant says that there is now due and owing to said McCann & Sullivan from said James Button, at whose request said materials and labor was furnished as aforesaid, after allowing to him all just credits, deductions and set-offs, the sum of $1,017, for which amount said McCann & Sullivan claim a lien upon the above described premises.

DANIEL L. SULLIVAN.

Subscribed and sworn to before me this 16th day of October, A. D. 1893.

J. V. O'DONNELL,
Notary Public.

EXHIBIT A.

Claim of Andrew McCann and Daniel L. Sullivan, copartners as McCann & Sullivan, against James Button.

The said McCann & Sullivan claim and insist that James Button is indebted to said firm as set forth in the affidavit hereto attached, under the following agreement:

CHICAGO, ILL., Nov. —, 1892.

It is hereby agreed between James Button, party of the first part, and McCann & Sullivan, party of the second part, that the said McCann & Sullivan will do the plumbing, gas-fitting and sewering in the King flat building, erected on lots 1, 2 and 6, on Fiftieth street, near Langley avenue, according to the plans and specifications, with the exception of rods, which will only be new above the basement floor, for the sum of one thousand four hundred and ninety-seven dollars and fifty-cents ($1,497.50).

Money to be paid in the following payments:

Twenty per cent when four flats are roughed in;
Twenty per cent more when balance are roughed in;
Twenty per cent when three flats are finished;
Twenty per cent when three more flats are finished;
And the balance when the job is completed.

The closets will be washout closets as agreed.

McCANN & SULLIVAN,
JAMES BUTTON.

And the said firm of McCann & Sullivan claim that they furnished labor and material required under said contract, and according to the terms thereof, and that all the labor and material for 'roughing in' said buildings were furnished between the 30th day of November, A. D. 1892,

and the 6th day of December, A. D. 1892, and that all labor and material used in the finishing of said building under the terms of said contract was furnished between the 26th day of March, A. D. 1893, and the 24th day of June, A. D. 1893, and that they have credited the said J. Button by cash payments the following amounts on said contract:

| | |
|---|---:|
| December 22, 1892 | $300.00 |
| April 8, 1893 | 100.00 |
| May 6, 1893 | 35.00 |
| June 3, 1893 | 25.00 |
| June 21, 1893 | 20.00 |
| | $480.00" |

Appellees commenced a mechanic's lien proceeding in the Circuit Court which was afterward transferred to the Superior Court and consolidated or heard with the two bills filed to foreclose said trust deeds. By final decree in the latter court it was ordered that appellees have a first lien upon the building on said lots one and two for two-thirds of the amount due them, and a lien upon said lots one and two, subject to the said trust deed lien thereon; and that appellants have a first lien upon said lots one and two and a lien upon the building thereon, subject to said lien of appellees upon said building.

The title to said lots one and two was conveyed to appellant Baker who was the owner thereof at the time of the entry of said decree subject to the lien of said trust deed thereon. To reverse said decree appellants bring this case to this court.

LACKNER, BUTZ & MILLER, attorneys for appellant Metzger.

CHARLES PICKLER, attorney for appellant Baker.

BASTRUP & O'NEIL, attorneys for appellees; CHARLES T. FARSON, of counsel.

MR. JUSTICE HORTON delivered the opinion of the court.

The only question to be now determined upon this appeal is whether or not the court below erred in sustaining appellees' claim for a mechanic's lien.

The lien of a mechanic is purely statutory  If a claimant for such a lien fails to comply substantially with the provisions of the statute, he can not secure a lien. The notice filed with the clerk of the Circuit Court upon which the claim for such a lien is based in the case at bar, is given in full in the foregoing statement.   It is claimed by appellees and was decreed by the court below, that appellees are entitled to a several lien for one third of the total amount named in said notice, upon each of the lots one, two and six therein described.

The claim of appellees for a lien is under the mechanics' lien statute as it was in 1893; section 4 of that statute provides:

" Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the Circuit Court of the county in which the building, erection or other improvement to be charged with the lien is situated, a just and true statement or account or demand due him, after allowing all credits, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit," etc.

And section 28 of the same act further provides :

" No creditor shall be allowed to enforce a lien created under the provisions of this act as against or to the prejudice of any other creditor or incumbrancer or purchaser, unless a claim for a lien shall have been filed with the clerk of the Circuit Court, as provided in section 4 of this act, within four months after the last payment shall have become due and payable.   Suit shall be commenced within two years after filing such claim with the clerk of the Circuit Court, or the lien shall be vacated."

Said lots one and two are contiguous or adjoining lots, but said lot six is not adjoining or contiguous to either said lot one or said lot two.   Between said lot two and said lot six are three other lots numbered three, four and five, having a frontage of about seventy-five feet.   All of said lots front on Fiftieth street.

Said notice states that exhibit "A" attached thereto "is a true and just statement of the account due said McCann

& Sullivan from James Button for labor done and material furnished said James Button at the times in said statement mentioned," etc.   Also that the total amount thus due is $1,017.10.   There is nothing whatever in said statement or the exhibit thereto attached to indicate, or from which it can be determined, what part or proportion of such labor or material was for improvements upon either one of said lots. From aught that there appears, all of such labor and material may have been for the building upon said lot six or upon said lots one and two, or upon one of them only.

To say that one continuous building was erected covering only said lots one, two and six, is to state a physical impossibility.   Those lots are some seventy-five feet apart. The court below ordered and decreed that appellees are entitled, under said notice, to a lien upon said lots one and two for two-thirds the amount claimed to be due to them under their entire contract for plumbing, etc., in building to be erected upon the three lots, one, two and six.

The case of Buckley v. Commercial Nat. Bk., 171 Ill. 284, is in principle and in many of the details like the case at bar.   It is there held in substance that as against the interest of third parties, and when by the statement filed with the clerk of the Circuit Court, a single lien is claimed upon distinct lots of land, such claim can not be apportioned so as to preserve a separate lien upon each lot where there is nothing in the statement to indicate the amount claimed against each lot or the times when the labor and material were furnished for each.   For that reason the notice in question is not sufficient to sustain the decree entered by the court below as against the appellant Metzger.   Other objections to said statement are made but it is not deemed necessary to consider them in detail as the point passed upon is fatal to the claim of appellees for a mechanic's lien.

The appellant Baker acquired title to the premises *pendente lite*, by warranty deed from Mary E. Button, and as owner of the equity of redemption thus acquired, answered the bill of Metzger filed to foreclose said trust deed.

In this court he filed a nominal brief, adopting, by con-

sent of Metzger, the brief of the latter in opposition to appellees.  Our discussion and decision upon the lien notice is as applicable to Baker as to Metzger, and the motion to dismiss Baker's appeal is denied.

The decree of the Superior Court is reversed and the cause remanded with directions to dismiss the petition of appellees for a mechanic's lien, and to decree the lien of appellant Metzger under said trust deed to be a first and valid lien, and to direct a sale of said lots one and two free from any claim or lien of appellees.

Reversed and remanded with directions.